UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALFEY RAMDHAN,

       Plaintiff,

v.

MORGAN STONEHILL, LLC,

       Defendant.

Case No. 2:25-cv-01646-EJY

**ORDER**

    Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP"), which is complete. ECF No. 1. Also pending is Plaintiff's Complaint (ECF Nos. 1-1), which fails to state a claim upon which relief can be granted. For this reason, the Court dismisses Plaintiff's Complaint without prejudice and with leave to amend.

**I.    Screening the Complaint**

    Upon granting Plaintiff's IFP application the Court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint may therefore be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    Analysis of Plaintiff's Complaint

Plaintiff filed claims alleging violations of the American's with Disabilities Act ("ADA") and the Fair Housing Act ("FHA"). ECF No. 1-1 at 3. The only facts Plaintiff provides to support these claims include that he suffers from medical and mental health disabilities and the Defendant, Morgan Stonehill, LLC, "is unwilling to work with … [him] to resolve the issue of" eviction and "becoming homeless." *Id.* at 4. In what appears to be an attempt to establish diversity jurisdiction, Plaintiff states that it would cost him "over $75,000" to relocate. *Id.* Plaintiff provides an address

1    in Temecula, California, which calls into question whether relocation has already occurred, but

2    setting that aside, Plaintiff also provides a "Stay of Eviction" that appears to be a form of an order

3    Plaintiff seeks from the Court.

4        This Court has no authority to stay an eviction entered by a state court.  Rather, this Court

5    has the authority to review and rule on an alleged violation of federal or constitutional law.  That is,

6    if a landlord or management company evicted someone in violation of federal or constitutional law

7    or the eviction proceeding violated federal or constitutional law, then this Court may act.  More

8    specifically, federal district courts lack subject matter jurisdiction to exercise appellate review over

9    final state court judgements.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Court

10   of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).  What has become known as *Rooker-Feldman*

11   is applied "to cases ... brought by state-court losers ... inviting district court review and rejection of

12   [a state court's] judgments."  *Skinner v. Switzer*, 562 U.S. 521, 531 (2011).  "Reduced to its essence,

13   *Rooker* held that when a losing plaintiff in state court brings a suit in federal district court asserting

14   as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set

15   aside the judgment of that court, the federal suit is a forbidden de facto appeal."  *Noel v. Hall*, 341

16   F.3d 1148, 1156 (9th Cir. 2003).  The *Rooker-Feldman* doctrine applies equally to an order of

17   eviction.  *See Tornheim v. Eason*, 363 F.Supp.2d 674, 677 (S.D.N.Y. 2005) (holding that when a

18   sheriff is presented with a facially valid mandate of the court, he "is not bound to inquire into the

19   proceeding leading up to the approval and the granting of the order" and is justified in "obeying it

20   according to its terms").

21       Again, however, the Court may exercise jurisdiction over an alleged violation of the ADA or

22   FHA.  Unfortunately, Plaintiff's proposed claim arising under the ADA is subject to dismissal

23   without leave to amend because, while the ADA prohibits discrimination in a "place of public

24   accommodation."  Under 42 U.S.C. § 12182(a), an apartment does not constitute a place of public

25   accommodation.  *Independent Housing Servs. v. Fillmore Center Assocs.*, 840 F.Supp. 1328, 1344

26   (N.D. Cal. 1993).  Thus, the Court dismisses Plaintiff's ADA claim with prejudice.

27       The FHA makes it illegal "[t]o discriminate in the sale or rental, or to otherwise make

28   unavailable or deny, a dwelling to any buyer or renter because of a handicap of ... that person[.]"  42

U.S.C. § 3604(f)(2).  To state a claim of discrimination under the FHA, a plaintiff must allege facts demonstrating: (1) the plaintiff's rights are protected under the FHA; and (2) as a result of defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury.  *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999).  Where, as here, Plaintiff is alleging discrimination on the basis of disability, he must suffer from a "handicap" as defined in 42 U.S.C. § 3602(h).  *United States v. Cal. Mobile Home Park Mgmt.*, 107 F.3d 1374, 1380 (9th Cir.1997).  The FHA defines a handicap as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment."  42 U.S.C. § 3602(h).

While Plaintiff cannot seek review of an eviction order entered by a state court simply because he believes the evidence is unfair or unlawful under state law, Plaintiff may state a claim based on a violation of the FHA.  Here, it is unclear what it is Plaintiff seeks.  Does Plaintiff seek to allege discriminatory conduct by a landlord because he suffers from a disability or does Plaintiff ask the Court to stop an eviction entered under state law?  The former may state a claim under the FHA; the later does not.  *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547, (3rd Cir. 2006).

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) must be separated from ECF No. 1 and filed on the docket.

IT IS FURTHER ORDERED that Plaintiff's claim asserting a violation of the Americans with Disabilities Act is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Plaintiff's claim alleging a violation of the Fair Housing Act is DISMISSED without prejudice, but with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff wishes to do so, he may file an amended complaint no later than **November 21, 2025**.  The document must be titled "FIRST AMENDED COMPLAINT."  Plaintiff is not to reassert her ADA claim, which is dismissed with prejudice.

Plaintiff may reassert his FHA claim and any other claim Plaintiff believes he has based on facts supporting those claims.  Plaintiff must provide sufficient facts to establish a violation of rights under federal law or the U.S. Constitution by the Defendant.  If Plaintiff asserts an FHA claim, and also includes claims under state law, the Court may exercise jurisdiction over the state law claims.  If Plaintiff chooses to assert claims under state law only, and no federal law claims, then he must establish diversity jurisdiction.  This requires he plead facts demonstrating his residence in one state and Defendant's place of incorporation and principal place of business in another state.  28 U.S.C. § 1332(a); *KB Homes Phoenix v. Owners Insurance Company*, Case No. CV-07-1257-PHX-PGR, 2007 WL 2288146 (D. Ariz. Aug. 8, 2007).  Plaintiff also must plead facts supporting damage in the amount of $75,000.  A conclusory allegation is not enough.

IT IS FURTHER ORDERED that the Clerk of Court is to send Plaintiff a copy of the form Civil Rights Complaint together with instructions for completing and filing the same.

IT IS FURTHER ORDERED that failure to timely comply with this Order may result in dismissal of this matter without prejudice, but in its entirety.

Dated this 23rd day of October, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE